## Case No. 6,771.

### HOWE v. NEWTON.

[2 Fish. Pat. Cas. 531.] [1]

Circuit Court. D. Massachusetts. April, 1865.

PATENTS — PRIOR PUBLIC USE AND SALE—APPLICATION AND ISSUE—ABANDONMENT—INFRINGEMENT—INJUNCTION.

1. Where the patentee made public use and sale of his invention for less than two years before his original application for a patent, but, subsequently, and more than two years after such public use and sale, withdrew such application, and filed a second one, upon which the patent was granted—held, that the continuity of the application was not necessarily destroyed; and. in the absence of proof of abandonment or dedication. the patent was not avoided by reason of the public use and sale, for more than two years before the final application.
[Cited in Weston v. White, Case No. 17,459.]

2. The question as to whether the "continuity" of the application is destroyed by the

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

filing of a new application, is, in an action at law, one of fact for the jury.
[Cited in Smith v. Sands, 24 Fed. 472.]

3. When the user and not the maker and vender of an infringing machine is sued, an injunction ought not to issue, if the case is at all doubtful, or unless the balance of inconvenience is clearly on the side of the complainant.

4. The fact that the plaintiff grants licenses at a fixed sum, and that the defendant is a mere user, although a circumstance to be considered, has not, in the first circuit, been considered sufficient reason to refuse the writ, excepting in combination with other circumstances. either of doubt as to title or of hardship in the operation of the injunction.
[Cited in Consolidated Roller-Mill Co. v. Coombs, 39 Fed. 805.]

This was a bill in equity, filed [by Jarvis Howe] to restrain the defendant [Otis Newton] from infringing letters patent [No. 19,-508]. for an "improvement in boot trees," granted to Reuben L. Lewis, March 2, 1858, and assigned to complainant, January 2, 1865.

J. E. Maynadier; for complainant.
F. A. Brooks, for defendant.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

LOWELL, District Judge. This bill is filed to restrain the use by the defendant of a boot tree, said to be an infringement of the plaintiff's patent right, and for an account, and comes up on motion for a preliminary injunction. The plaintiff is assignee of the patent granted to Reuben L. Lewis in March. 1858, for an improvement in boot trees, and his assignment is dated January 2, 1865. No question is made now that Lewis was the original and first inventor of the improvement, nor that the defendant's boot tree infringes it, if made without due authority.

The defenses set up at this hearing are two: First. That the patented invention had been in public use, with the consent of Lewis, more than two years before his application. Secondly. That the defendant bought the boot tree, the use of which is sought to be enjoined, from a person having due authority to make and vend it. No evidence is given upon the first point, excepting the record of the case upon this patent, tried in this court, and carried, by writ of error, to the supreme court. See Godfrey v. Eames, 1 Wall. [68 U. S.] 317. From this it appears that the defendant there set up the same defense as is here urged, and it was proved and admitted that the patentee had made public use and sale of the invention for more than two years before the final application upon which his patent was granted, but that his original application. had been made very soon after he began such use, and it was ruled in this court, as matter of law, that the later application alone could be considered, and that thereupon the defendant was entitled to a verdict. But the court above reversed the judgment, and held that the applications were both for the same invention, and that the withdrawal of the former and substitu-

tion therefor of the latter, did not necessarily break the "continuity of the claim," which continuity was a question for the jury. The case was never tried again, but this was for reasons distinct from the merits of the case itself, in the mind of either party. It is important to observe, however, that the defendant in this case did not contend that the patentee had abandoned his invention, or dedicated it to the public, and there is no evidence whatever before me that he ever did so, nor that the defendant in good faith intends to rely upon any such abandonment, in defense to this action, or upon anything more than was set up in that suit. On the contrary, the allegation here is of a public use for more than two years before the final application, not before the original one. That the inventor went on making his machine, while waiting and expecting the issue of his patent, and after one application for the invention had been made, is the only use shown, and it is one wholly consistent with his patent. When I find, therefore, an explanation which fully accounts for all the facts, and which is the most natural and probable explanation, and which was taken for granted in the former trial, it is my duty to give the patentee the benefit of it, especially when I can not see good reason to believe that there is any state of facts known to the defendant upon which he is willing to say that the point ought to be submitted to a jury or to the court upon its merits.

The second question is, whether the single boot tree prayed to be enjoined, was made and sold by a person duly licensed or authorized in that behalf. It seems that one E. L. Shumway was at one time a partner with the patentee, and had a right to make these patented articles; and it is alleged that he made and sold this one in 1857, and afterward repurchased it and sold it to the defendant, in June, 1865. The precise time at which Shumway's right to license expired is not in evidence, but it was admitted to be since 1857, and before June, 1865, so that the point of fact raised is, whether this boot tree was really made by him in 1857, or whether it was, to all intents and purposes, a new article in the summer of 1865. The defendant declares he bought two boot trees of Shumway as second hand, and states the price for the two. He does not answer, though interrogated, what parts were new and what were old. Shumway says that both were old, and made and sold in 1857.

The complainant admits that one was old, but shows, by several affidavits, that the other appeared to be new. I find the weight of the evidence to be very decidedly in favor of the complainant on this point.

It was suggested for the respondents that Shumway perhaps repaired this boot tree, and that, though the parts made of wood are new, yet the more important portions, which embody the invention, may be old; that these are made of iron, and would not show the marks of wear so much as the outer or wooden parts. It is not improbable that the very general statement of Shumway may be thus explained; but the difficulty is, that he does not himself make the explanation. He swears positively that the boot tree is old and second hand, and he is contradicted by witnesses who could hardly be mistaken. He should not undertake to testify to a conclusion which may be one of law, but should specify what is old, and we could then judge whether, under those circumstances, the article in question could justly be said to be so. This point of fact is a very simple one, and one which is fully in the power of the defendant to explain, and the evidence he produces is not satisfactory. It does not quite meet the points, and as compared with the more explicit statements of the plaintiff, although they are founded on the appearance of the machine, I am much more favorably impressed by the latter.

Upon the whole, I can not think the defendant has raised any sufficient doubt of the validity of this patent admitted for the purposes of this hearing, to be for a new and useful invention, and which is now eight years old, nor upon the question of license to induce me to say that he is entitled to be heard on the merits, before an injunction is granted, but, on the contrary, the complainant's case is clearly made out.

It appears that no special damage will result to the defendant or his business by enjoining this machine. The balance of inconvenience is here on the other side, and the injunction ought to issue. If the case were at all doubtful, I should think the suggestion, that this defendant is not the maker of the article, but only one who uses it, an important one, especially as the maker and vendor, Shumway, has not been sued. Some reasons were given by the complainant for not having brought an action against him, but they were not very satisfactory to my mind. It does not appear, however, that the defendant is in any less favorable position, as to knowledge or otherwise, than Shumway himself, whose affidavit he has produced, and as the case does not appear doubtful, I have not regarded this as a sufficient reason to refuse the writ. The fact that the plaintiff grants licenses at a fixed sum, and that the defendant is not a maker and vendor, but only one who uses the machine, is also of itself, independently of the fact that the maker has not been sued, a circumstance to be taken into account; but it has not been considered sufficient reason, in this circuit, to refuse the writ, excepting in combination with other circumstances, either of doubt as to title or of hardship in the operation of the injunction. The writ is to issue against one boot tree.

[For other cases involving the so-called patent of the defendant, see, as to infringement, Eames v. Godfrey, 1 Wall. (68 U. S.) 78, and as to application and issue, Godfrey v. Eames, Id. 317.]